**Robert J. PACHINGER, Plaintiff,**

v.

**MGM GRAND HOTEL–LAS VEGAS, INC., and Does I through Does V, inclusive, Defendants.**

**No. CVLV 84–769 HDM.**

United States District Court,
D. Nevada.

Sept. 5, 1985.

Robert J. Handfuss, Las Vegas, Nev., for plaintiff.

James R. Olson, Rawlings, Olson & Cannon, Las Vegas, Nev., for defendants.

## ORDER

McKIBBEN, District Judge.

Defendant has filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 41 for lack of subject matter jurisdiction under 28 U.S.C. § 1332. It is the defendant's contention that plaintiff's recovery under Nevada's Innkeeper Statute is limited to a sum not in excess of $750. NRS 651.010. Therefore, the amount in controversy does not exceed $10,000 and federal subject matter jurisdiction is lacking. This court agrees.

On June 24, 1983, plaintiff arrived at the MGM Grand Hotel in Las Vegas to attend a jewelry show. When plaintiff arrived a bellman took plaintiff's luggage and jewelry cases and gave plaintiff a receipt for the luggage and cases. That receipt stated:

> Contract. The management assumes no liability in any sum exceeding Two Hundred Fifty Dollars for loss of or damage to any wearing apparel or other personal property—unless at the time of delivery such value in excess of Two Hundred Fifty Dollars shall be declared and a written receipt stating such value shall be issued by this hotel. Safe deposit boxes are available for storage of valuables.

The luggage was then placed in the luggage room of the hotel. Immediately thereafter, plaintiff registered at the check-in desk. At the desk the hotel had posted a notice, clearly visible to the guests, of the liability limitation and availability of safes for deposit of valuables, in compliance with NRS 651.010(2). Plaintiff, after receiving the claim check and checking in, made no request to utilize the safe or submit a declaration of value. Subsequently, plaintiff went to his room where another notice was posted, pursuant to NRS 651.010(2). Plaintiff then requested delivery of his luggage to his room. When the luggage was delivered, plaintiff asserts that one jewelry case was missing and claimed a loss of $20,000. This action followed.

NRS 651.010(2) provides:

> If an owner or keeper of any hotel, inn, motel, motor court, boardinghouse or lodginghouse in this state provides a fireproof safe or vault in which guests may deposit property for safekeeping, and notice of this service is personally given to a guest or posted in the office and the guest's room, the owner or keeper is not liable for the theft, loss, damage or de-

struction of any property which is not offered for deposit in the safe or vault by a guest unless the owner or keeper is grossly negligent. An owner or keeper is not obligated to receive property to deposit for safekeeping which exceeds $750 in value or is of a size which cannot easily fit within the safe or vault.

■ It is undisputed that plaintiff, who was not an unsophisticated traveler, received notice of this statutory limitation and failed to request a deposit of his luggage and cases in defendant's vault. However, plaintiff contends he was not a guest of the hotel when he checked in with the bellman and received his claim check and the provisions of NRS 651.010(2) are inapplicable to him. This court disagrees. It is not uncommon for a hotel to hold luggage for a guest for a brief period between the time the guest arrives and the time the luggage is delivered to the guest's room. The legal relationship of innkeeper and guest was established at the time plaintiff checked his luggage with the hotel and received his claim check containing the declaration of liability limitations. At that time, plaintiff had an affirmative duty to declare the extent of his valuables and request immediate deposit of those valuables in the hotel's safe. His failure to do so limits his recovery to an amount not exceeding $750 as provided for by NRS 651.010(2). Because plaintiff cannot show he is entitled, under Nevada law, to recover at least $10,000, this court lacks subject matter jurisdiction.

Accordingly, defendant's Motion to Dismiss the complaint is granted.

IT IS SO ORDERED.